IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NORFLETT HARRIS,<br>ID# 17015984, | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |
| Plaintiff, | |
| v. | CIVIL ACTION FILE NO.<br>1:18-CV-4217-ELR-JKL |
| GWINNETT COUNTY, STATE OF<br>GEORGIA, | |
| Defendant. | |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee at the Gwinnett County Jail in Lawrenceville, Georgia, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [Doc. 1.] Plaintiff has filed an Affidavit and Authorization for Withdrawal from Inmate Account that the Court construes as a motion to proceed without prepayment of fees. [Doc. 2.] This matter is now before the Court for an initial screening under 28 U.S.C. § 1915A.

Pursuant to 28 U.S.C. § 1915A, a federal court is required to screen "as soon as practicable" a prisoner complaint that "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). However, the Court must dismiss a prisoner complaint that is either (1) "frivolous, malicious,

or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).  A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).  A district court may also dismiss a complaint if the alleged facts do not state a plausible claim for relief. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).

## I.   FACTUAL ALLEGATIONS[1]

Plaintiff has named "Gwinnett County State of Georgia" as a defendant in this action.  He alleges that he was arrested on October 7, 2017, and is currently being held with a bond he cannot afford on charges of criminal trespass, a violation of a family violence order, and aggravated stalking.  According to Plaintiff, his former roommate and girlfriend stole all of his property and bank account information and then locked him out of his apartment and filed false charges against him in order to obtain a restraining order.   Plaintiff has filed a number of speedy trial motions and motions to dismiss that have not been ruled on.  He has also filed a motion for bond reduction that has been denied.  As relief, Plaintiff wants to be acquitted and

---

[1] Unless otherwise noted, the factual allegations are taken from Plaintiff's complaint [1] and are presumed true for the purposes of § 1915A screening. *See Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2001).

2

released.  He also seeks a restraining order against his accuser and a return his property from her.

## II.    ANALYSIS

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law.  *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).  If a plaintiff cannot satisfy those requirements or fails to provide factual allegations in support of the claim, the complaint may be dismissed.  *Id.* at 737-38.

Claims challenging the fact or duration of Plaintiff's confinement must be brought in a habeas corpus petition after Plaintiff has exhausted his state court remedies.  *See Preiser v. Rodriguez*, 411 U.S. 475, 487-90 (1973) (holding that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release); 28 U.S.C. § 2254(b)(1) (dictating that this Court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state remedies or circumstances exist that render the state process ineffective).  Plaintiff has a number of state court remedies available to him that have not been exhausted.

In Georgia, a criminal defendant may file, after his indictment, a statutory speedy-trial demand, O.C.G.A. § 17-7-170, and he may directly appeal the denial of that demand. *Clark v. State*, 259 Ga. App. 573, 574-75 (2003). A defendant may also file a motion in his criminal case to "bar [his] trial on the ground that his constitutional right to a speedy trial [has] been violated," and he may directly appeal the denial of that motion. *Hardeman v. State*, 280 Ga. App. 168, 168 (2006). If the trial court has not yet addressed Petitioner's motions for a speedy trial or to dismiss on the grounds of a speedy trial violation, he may seek a writ of mandamus. *See Jackson v. Walker*, 206 F. App'x 967, 969 (11th Cir. 2006); *see also Davis v. Wilson*, 280 Ga. 29 (2005) (addressing petition for mandamus to compel a superior court to rule on defendant's pre-trial motion alleging that the State had not complied with his demand for speedy trial).

Plaintiff may also file a state habeas corpus petition to challenge his pre-trial detention and the amount of bond. *See* O.C.G.A. § 9-14-1(a) ("Any person restrained of his liberty under any pretext whatsoever, except under a sentence of a state court of record, may seek a writ of habeas corpus to inquire into the legality of the restraint."); *Mullinax v. State*, 271 Ga. 112, 112 (1999) (reviewing denial of pre-trial habeas petition challenging amount of bail). Petitioner may also challenge the factual basis of the charges against him during the course of his state court criminal

4

proceedings. Because Plaintiff has not exhausted his state court remedies, this Court will not construe the instant action as a petition for a writ of habeas corpus.

Moreover, while the federal courts generally have authority to grant relief in ongoing state criminal proceedings, we are required to abstain from doing so absent limited, special circumstances. *Younger v. Harris*, 401 U.S. 37, 46, 53-54 (1971); *see also Newsome v. Broward Cty. Pub. Defenders*, 304 F. App'x 814, 816 (11th Cir. 2008) (per curiam) ("[F]ederal courts ordinarily must refrain from deciding the merits of a case when (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding."). In *Younger*, the Supreme Court reaffirmed "the settled doctrines" and "longstanding public policy" that federal courts should not intervene in an ongoing state criminal prosecution "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Id.* at 49-50. Plaintiff has not presented a colorable basis for federal intervention. A state court's refusal to rule on a speedy trial demand – thus effectively subjecting defendant to indefinite, extended detention without trial – could in some circumstances represent a colorable basis for federal intervention. *See McNeely v. Blanas*, 336 F.3d 822, 826-32 (9th Cir. 2003) (reversing district court's refusal to issue a writ under § 2241 in an

ongoing state criminal case on grounds of a constitutional speedy trial violation). However, *Younger* requires us to nevertheless abstain from intervening where Plaintiff fails to show an inadequacy of the state proceedings to address the issue. Here, as noted above, Plaintiff has a procedural avenue available to him to address the Superior Court's alleged inaction on his speedy trial demand, that is, a petition for a writ of mandamus to the Georgia Court of Appeals.  O.C.G.A. § 9-6-20.  Out of comity to the state procedural system, this Court cannot consider interfering while this state remedy remains unexhausted.

Lastly, Plaintiff has named Gwinnett County as Defendant.   "A local government may be sued under 42 U.S.C. § 1983 for depriving an individual of his constitutional rights *only if* the alleged injury is caused by an official policy or custom."  *Jones v. Gwinnett County*, 441 F. App'x 761, 764 (11th Cir. 2011) (emphasis added) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)).  Plaintiff has not alleged any official policy or custom of Gwinnett County that has played a part in his criminal proceedings.  Accordingly, Plaintiff has identified no basis for holding Gwinnett County liable.

## III.   CONCLUSION

For the foregoing reasons, this case should be **DISMISSED**.   Plaintiff is **GRANTED** *in forma pauperis* status for the purpose of dismissal only.   The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**SO ORDERED AND RECOMMENDED** this 19th day of September, 2018.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE