IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NORFLETT HARRIS,<br>ID# 17015984,<br><br>Plaintiff,<br><br>v.<br><br>GWINNETT COUNTY, STATE OF GEORGIA,<br><br>Defendant. | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983<br><br>CIVIL ACTION FILE NO.<br>1:18-CV-4217-ELR-JKL |

## ORDER

This matter is before the Court on the Magistrate Judge's Final Report and Recommendation ("R&R") (Doc. 3), Plaintiff's Motion for Writ of Mandamus (Doc. 5), and Plaintiff's Petition for Writ of Habeas Corpus (Doc. 6).

In reviewing a Magistrate Judge's R&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir.

1988)) (internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" in order to accept the recommendation. Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b).

In the R&R, the Magistrate Judge recommends dismissing this case because Plaintiff seeks to be acquitted and released from state charges. Such relief is not available in a § 1983 action. The Magistrate Judge declined to construe Plaintiff's complaint as a petition for habeas corpus relief because Plaintiff has not exhausted his state court remedies as required under federal law. These state court remedies include mandamus and habeas corpus relief. The Magistrate Judge further concluded that abstention is appropriate in this case pursuant to *Younger v. Harris*, 401 U.S. 37, 46, 53-54 (1971). Lastly, the Magistrate Judge noted that Plaintiff's complaint did not establish a basis for liability against Gwinnett County, the only named defendant.

In response, Plaintiff did not object to the R&R, but instead filed a motion for a writ of mandamus and a petition for writ of habeas corpus. As the Magistrate Judge noted in the R&R, Plaintiff must pursue this relief in state court before seeking

2

relief in federal court. Plaintiff's filings do not indicate a basis to reject or modify the conclusions reached in the R&R.

Finding no clear error in the R&R, the Court **ADOPTS** the R&R as the Order and Opinion of this Court [Doc. 3], **DISMISSES** this case, and **DENIES AS MOOT** Plaintiff's Motion for Writ of Mandamus [Doc. 5] and Plaintiff's Petition for Writ of Habeas Corpus [Doc 6]. The Court **DIRECTS** the Clerk to close this case.

**SO ORDERED** this 11th day of October, 2018.

ELEANOR L. ROSS
United States District Judge